CORTLANDT H. DODD

*v.*

SARAH BELLOWS and others.

A claim for the value of use and occupation by a purchaser of the demised premises, under attachment proceedings against the landlord, as opposed to that of the landlord himself, for rent under a lease for the same period, does not present a case for a bill of interpleader by the tenant.

Bill of interpleader. On motion to dissolve injunction on bill and answer of Sarah Bellows.

*Mr. S. D. Dillaye,* for the motion.

*Mr. B. A. Vail, contra.*

THE CHANCELLOR.

The bill is filed by a tenant against his landlord and the purchaser of the demised premises under proceedings at law in attachment. It prays that the landlord may be restrained from proceeding by distress to collect the rent, and from instituting proceedings at law to recover possession of the premises from him on the ground of non-payment of the rent, which he offers to pay into court. He paid into court, on the filing of the bill, all the rent then due. The term is

still unexpired. The conflicting claims set up in the bill are the claims of the landlord to rent under the lease, and the claim of the purchaser under the proceedings in attachment to damages for the use and occupation of the premises by the complainant since the purchaser's title began. But the claims thus made are not conflicting claims to the rent. The persons claiming damages for use and occupation are not in privity of contract or tenure with the landlord. It is not uncertain to whom the rent should be paid. The complainant owes it to Mrs. Bellows. It, clearly, is not a case for a bill of interpleader. *Story's Eq. Juris.*, § 812.

The injunction will be dissolved and the bill dismissed, with costs.